ON RETURN TO REMAND
McMILLAN, Judge.
This court remanded this cause to the Walker County Circuit Court to allow the State the opportunity to address the allegations raised by the appellant in his Rule 32, A.R.Cr.P., petition and to specifically plead any grounds of preclusion. 620 So.2d 745. The State has offered the following reasons as a basis for its motion to dismiss:
“(1) The State of Alabama is in agreement with petitioner’s petition that he pled not guilty to robbery and murder on November 30, 1982 at arraignment.
“(2) The State of Alabama is in agreement with the petitioner’s assertion that he was convicted of robbery and murder by a jury of twelve men and women of Walker County.
“(3) The State of Alabama is in agreement with petitioner’s assertion that he was given a sentence of life imprisonment for his role in the robbery and murder of Claude Crump.
“(4) The State of Alabama is in agreement with petitioner’s assertion that he was represented at trial by Hon. William N. Clark and Hon. Drew Redden of Redden, Mills and Clark, Birmingham.
“(5) The State of Alabama is in agreement with petitioner’s petition that he appealed the trial court’s decision to the Alabama Court of Criminal Appeals. The Alabama Court of Criminal Appeals affirmed the trial court’s decision on November [29, 1983]. A rehearing was denied on March 20, 1984.
“(6) The State of Alabama is in agreement with the petitioner’s petition that he appealed the Court of Criminal Appeals decision to the Alabama Supreme Court. On November 30, 1984, the Alabama Supreme Court affirmed the Court of Criminal Appeals’ decision.
“(7) The State of Alabama is in agreement with petitioner’s assertion that a prayer was recited to a jury venire by the Rev. Murray Guthrie.
“(8) The State of Alabama asserts that after Rev. Guthrie’s prayer, petitioner’s counsel, Mr. Redden, an experienced trial attorney from Jefferson County, objected to the form of Rev. Guthrie’s prayer, thereby preserving for appeal any error in the original trial.
“(9) The State of Alabama is in disagreement with petitioner’s assertion that Rev. Guthrie’s prayer demanded that they (the jury) must find the defendant guilty. The records reflect that in Rev. Guthrie’s prayer there is no mention that the jury venire should or should not find the petitioner guilty. The record also reflects that at the time the prayer was recited by Rev. Guthrie the jury venire was unaware of the merits or facts of the case it later heard.
“(10) The State of Alabama asserts that petitioner’s petition is not sufficiently specific.
“(11) The State of Alabama asserts that petitioner’s petition is precluded because it is untimely.
“(12) The State of Alabama asserts that petitioner’s petition fails to state a claim, and that no material issue of fact exists which would entitle the petitioner to relief under Rule 32, and that no pur *748 pose would be served by any further proceedings.
“(13) The State of Alabama asserts that petitioner is barred from raising the present issues in a Rule 32 petition for relief from conviction or sentence since all issues petitioner raises may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24.
“(14) The State of Alabama asserts that petitioner’s petition for post-conviction relief is barred because the grounds upon which petitioner raises this petition have already been raised or addressed at trial.
“(15) The State of Alabama asserts that petitioner’s petition is precluded because the ground upon which petitioner seeks relief could have been raised on appeal, and the ground in this petition does not arise under Rule 32.1(b).
“(16) The State of Alabama asserts that the court is precluded from entertaining petitioner’s petition for post-conviction [relief from] conviction or sentence on grounds specified in Rule 32.1(a) and (f) because the petition was not filed within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals, under Rule 41, A.R.App.P.
“(17) The State of Alabama asserts that the petition’s petition for post conviction relief from conviction or sentence should be dismissed because the petition is a successive petition.
“(18) The State of Alabama asserts that petitioner’s present petition for post conviction relief is a second or successive petition and should be denied because petitioner has not shown that good cause exists or why the new grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, or that failure to entertain the petition will result in a miscarriage of justice.”
The trial court granted the State’s motion to dismiss the petition on grounds that the issue raised therein was “available on appeal,” pursuant to Rule 32.2(a)(5), A.R.Cr.P. The record indicates that the issue raised was precluded pursuant to Rule 32.7(d), A.R.Cr.P. Additionally, we note that the petition, filed on February 12, 1992, was barred by the period of limitations, 32.2(c), A.R.Cr.P., because it was filed more than two years after the effective date of Rule 20, A.R.Cr.P.Temp., the predecessor to Rule 32, i.e., April 1, 1987.
The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
All Judges concur.